# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRIS R. SWEET | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RWT-10-1361 |
| J. MICHAEL STOUFFER, et al. | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Pending is Defendants' Motion to Dismiss or for Summary Judgment. ECF No. 11. Plaintiff opposes the motion. ECF No. 13. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. See Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Defendants' motion, construed as a Motion for Summary Judgment, shall be granted.

## Background

The Complaint concerns the length of time Plaintiff was required to serve on a term of confinement subsequent to a parole revocation. Plaintiff claims that Commissioner Bolesta, who issued the decision to revoke his parole, imposed an illegal sentence on August 29, 2008.

Plaintiff states he was serving an eleven year term of confinement beginning on October 14, 1999, comprised of a seven-year sentence and a four-year consecutive sentence. ECF No. 1 at p. 4. Plaintiff believes the seven-year sentence expired in 2006 while he was "on the street" and that the four-year sentence began upon expiration of the seven-year sentence. Id. Plaintiff claims the four-year sentence should have ended on October 14, 2010 but, when his parole was revoked, diminution credits from the expired sentence were used to prolong his release date until July 22, 2011. Plaintiff asserts that when his parole was revoked, Commissioner Bolesta should have been restricted to rescinding eight months of credits from the unexpired four-year sentence.

Plaintiff further asserts that Commissioner Bolesta gave him street time credit of approximately 22 months for the period from December 5, 2005 to October 1, 2007. Plaintiff concludes that if the eight months of revoked diminution credits are subtracted from the 22 months of street time credit, he should have been released in 2009.

Plaintiff asserts that Commissioner Bolesta expressed a bias against him due to the nature of his crime and implies that Commissioner Bolesta's improper revocation of diminution credits from the expired sentence was intentional. Plaintiff seeks $250,000 in damages from the Warden, the Parole Board and Case Management for the alleged illegal lengthening of his sentence. ECF No. 1.

Records submitted by Defendants reveal that Plaintiff was released from his eleven year term of confinement on mandatory supervision on December 2, 2005, by virtue of application of 1,777 diminution credits to the maximum expiration date of his sentence. ECF No. 11 at Ex. 3 and 8. Plaintiff was returned to custody on a retake warrant on July 8, 2008 and waived a preliminary hearing to determine if there was probable cause to detain him pending a revocation hearing. Id. at Ex. 7. On August 18, 2008, Plaintiff admitted he had violated the terms and conditions of his release and indicated he wished to be heard regarding disposition. Id. Plaintiff stated he had not been coerced into admitting the violations and that no promises were made regarding the decision that would be made in terms of revocation. Plaintiff also waived the presence of the supervising agent and waived his right to counsel. Id.

Commissioner Bolesta found that Plaintiff violated the terms of his release when he changed his address without his agent's knowledge or permission, tested positive for cocaine use, and failed to complete a sex offender treatment program. ECF No. 11 at Ex. 7. Commissioner Bolesta awarded Plaintiff street credit under Md. Ann. Code, Corr. Services §7-

401(d)(1) from December 2, 2005 (the day he was released from prison) to October 1, 2007 (the point at which he stopped attending the sex offender program).  Id. at Ex. 3, 5, and 8.  In addition, the entire 1,777 credits earned to achieve the mandatory release were rescinded. Plaintiff did not appeal the decision to the appropriate state circuit court.  Id. at Ex. 9.

Upon receipt of the parole revocation decision, the Maryland Division of Correction ("DOC") recalculated Plaintiff's term of confinement.  ECF No. 11 at Ex. 10.  The amount of time Plaintiff was out on mandatory supervision, but for which he was not credited street time (281 days), was added to his maximum expiration date to arrive at an adjusted maximum expiration date of July 22, 2011.  Id.; see also Md. Ann. Code, Corr. Services §7-401(d)(1). Because his diminution credits were revoked, Plaintiff's release date was scheduled for July 22, 2011.  However, the Circuit Court for Montgomery County granted Plaintiff's motion to reconsider his sentence, resulting in his release from custody on August 31, 2010.  Id. at Ex. 11 and 12.

### Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

 Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

**Analysis**

As the Supreme Court made clear in Morrissey v. Brewer, 408 U.S. 471, 489 (1972), there is a liberty interest in remaining on parole or mandatory supervision. Before parole or mandatory supervision may be revoked, the minimum requirements of due process must be met. In a parole revocation hearing, those requirements include:

> (a) written notice of the claimed violations of parole;
> (b) disclosure to the parolee of evidence against him;
> (c) opportunity to be heard in person and to present witnesses and documentary evidence;
> (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);
> (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and
> (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking parole.

Id. Although minimum procedural rights were delineated, the Supreme Court recognized that a parole revocation hearing should remain informal to permit receipt of evidence not ordinarily admissible in a criminal trial. Id. In addition, the revocation hearing must be "structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." Id. at 484.

The undisputed facts establish that Plaintiff received both written notice of the claimed violations of his release and disclosure of the evidence against him. ECF No. 11 at Ex. 7, p. 1. Plaintiff's sole allegations are that Commissioner Bolesta acted outside his legal authority and was biased against him due to the nature of his criminal offense.

Under Md. Code Ann., Corr. Services § 7-504(b)(1), when parole or mandatory release is revoked, any portion of the entire amount of diminution credits that contributed to Plaintiff's release on mandatory supervision may be rescinded. Plaintiff is mistaken when he asserts that only the credits attributable to the second consecutive sentence that had not expired were subject to rescission. See e.g., Frost v. State, 647 A.2d 106, 116 (1994) (the Commission may revoke any or all of the diminution credits that contributed to an inmate's release on mandatory supervision, regardless of the type of credit). Thus, Plaintiff's assertion that Commissioner Bolesta acted without legal authority is without merit.[1]

In addition, Plaintiff's claim regarding Commissioner Bolesta's alleged bias does not change the analysis. A parole commissioner has wide-ranging discretion in deciding whether to revoke an offender's release. After hearing Plaintiff's admission that he violated one or more of the conditions of the release, Commissioner Bolesta had complete discretion in deciding whether

---

[1] To the extent Plaintiff asserts that the DOC was without authority to recalculate his sentence in compliance with the revocation decision, the assertion is without merit. It is clear that the DOC was authorized to recalculate Plaintiff's sentence both by the content of the revocation decision and by Maryland law. See Md. Ann. Code, Corr. Services §7-401(d)(1).

to revoke the release. See Md. Ann. Code, Corr. Services §§ 7-401(c) and 7-502 (laws applicable to parolees apply to persons on mandatory supervision). The nature of Plaintiff's original crime is a valid factor to consider in deciding whether to revoke mandatory release.

Plaintiff has failed to establish that his parole revocation and subsequent sentence calculation failed to afford him the due process requirements enunciated in Morrissey. Defendants are, accordingly, entitled to judgment in their favor. A separate Order follows.


Date: March 1, 2011                         /s/
                                    ROGER W. TITUS
                                    UNITED STATES DISTRICT JUDGE